SUMMARY MEMORANDUM OPINION; DO NOT PUBLISH

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN STANTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 10-cv-633 (RLW) |
| ) | |
| **WILLIAM REUKAUF,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION** [1]

Presently before the Court are the following motions: (1) Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment (Doc. 13); (2) Plaintiff's Motion for Summary Judgment (Doc. 18); and (3) Plaintiff's Motion to Amend Complaint (Doc. 19.)  For the reasons set forth below, the Court finds that Defendant's Motion is due to be granted and Plaintiff's Motions are due to be denied.

**I. FACTS**

John Stanton, who is *pro se,* brings this action against William Reukauf, in his official capacity as Associate Special Counsel of the United States Office of Special Counsel ("OSC"). Stanton asks this Court to compel the OSC to investigate his allegation that certain prohibited

---

[1] This is a summary opinion intended for the parties and those persons familiar with the facts and arguments set forth in the pleadings; not intended for publication in the official reporters.

SUMMARY MEMORANDUM OPINION; DO NOT PUBLISH

personnel practices ("PPP') led to his termination from employment with the Government Printing Office ("GPO"). *See* 5 U.S.C. §§ 1214; 2302(b). Stanton was a probationary civil servant when he was terminated, without notice, from his employment with GPO. The reason given for his termination was Stanton's "inappropriate comments to more than one female employee." (Doc. 18-2, Pl.'s SOF # 1.)

Stanton challenged the dismissal by filing a complaint (MA-10-0665) with the OSC raising three claims: discrimination based on conduct that did not affect job performance, discrimination based on age and race, and obstruction of the right to compete for employment. (Doc. 13-1, Def.'s SOF # 2.).[1] After the OSC made a preliminary determination to terminate further inquiry into Stanton's complaint, Stanton filed a response in which he included an additional claim alleging the GPO violated federal merit system fairness principles by terminating him because of his non-union status. Ultimately, the OSC sent a final determination letter addressing his three original allegations and closed his case. Stanton responded via letter challenging the dismissal. Reukauf treated the letter as a request for reconsideration, but refused to reopen the case.

Stanton then filed the instant law suit and the OSC agreed to reopen his case, this time including the additional claim Stanton added regarding his merit systems fairness allegation. During several communications between Stanton and an OSC attorney about the re-opened case,

---

[1] Stanton does not dispute Defendant's Statement of Material Facts Not in Genuine Dispute. Rather, Stanton contends Defendant's undisputed facts are "insignificant and immaterial facts . . . ." (Doc. 15, Pl.'s Resp. to Def.'s MSJ at 6.)

SUMMARY MEMORANDUM OPINION; DO NOT PUBLISH

Stanton raised one final additional allegation.  (*See* Doc. 18-1,  Pl.'s SJ Br. at 6-7.) [2]  As a result of testimony by his supervisor during a workers compensation hearing, Stanton challenged his supervisor's reliance on hearsay evidence to support the termination decision.  In its second preliminary determination letter, the OSC indicated it again intended to close Stanton's original complaint and added that he needed to file a new complaint with respect to the hearsay allegation.  After Stanton's response, the OSC made a second final determination to close his case, including the three original claims and the merit systems fairness allegation.

Stanton eventually filed a second OSC complaint (MA-2271) over the alleged hearsay violation, but the OSC ultimately dismissed the complaint.  (Doc. 30-1, Oct. 19, 2011 Final Determination ltr.)

In the present action, Stanton seeks a writ of mandamus, 28 U.S.C. § 1361, to compel the OSC to investigate his PPP allegations consistent with the OSC's obligation to investigate certain complaints by individuals employed with the federal government.  *See* 5 U.S.C. §§ 1214; 2302.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See Moore v. Hartman,* 571 F.3d 62, 66 (D.C. Cir. 2009) (citing Fed. R. Civ. P. 56(c)); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986)).  A genuine issue of material fact exists if the evidence, viewed in the light most favorable to the non-movant, "is such that a

---

[2]  For ease of reference, the Court will cite to the record by referencing both the primary CM/ECF docket number and the sub-number, *e.g.*., 18-4, 18-5.

SUMMARY MEMORANDUM OPINION; DO NOT PUBLISH

reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. A non-moving party, however, must provide more than "a scintilla of evidence" in support of its position; the quantum of evidence must be such that a jury could reasonably find for the non-moving party. *Id.* at 252.

Here, both parties have moved for summary judgment. Thus, the Court must analyze the Defendant's motion while viewing the facts in the light most favorable to the Stanton, and, alternatively, analyze Stanton's motion while viewing the facts in the light most favorable to the Defendant. *See Johnson v. District of Columbia*, 528 F.3d 969, 973-78 (D.C. Cir. 2008).

### III. ANALYSIS

**A.    OSC Investigations & Standards of Review**

The OSC has a statutory obligation to " investigate [allegations of prohibited personnel practices] to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken." 5 U.S.C. § 1214(a). A federal probationary employee who disagrees with the manner in which the OSC resolved his complaint will generally have no statutory right to seek judicial review of the OSC's actions. *See Castle v. Rubin*, 78 F.3d 654, 658 (D.C. Cir. 1996); *Borrell v. United States. Int.'l Commc'n Agency,* 682 F.2d 981, 987 (D.C. Cir. 1982). Despite this absence of statutory authority for judicial review in most OSC actions, the Court of Appeals for the District of Columbia Circuit has held that the United States District Court has authority to issue a writ of mandamus if the OSC violated its statutory duty to investigate the aggrieved employee's complaint. *Weber v. United States*, 209 F.3d 756, 759 (D.C. Cir. 2000).

SUMMARY MEMORANDUM OPINION; DO NOT PUBLISH

Under the Mandamus Act, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Pursuant to this act, a district court may grant mandamus relief if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002) (quoting *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997)). *In re Medicare Reimbursement Litigation*, 414 F.3d 7, 10 (D.C. Cir. 2005).

"Mandamus is a drastic [remedy], to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34 (1980). Therefore, Stanton "has the burden of showing that [his] right to issuance of the writ is clear and indisputable." *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002) (citations and internal quotations marks omitted).

B.   **Claims Raised in Stanton's OSC complaints**

1.   <u>Discrimination based on conduct that does not adversely affect performance: retaliation for refusing to join the union</u>.

Stanton alleges that GPO terminated him because he refused to join the union. Stanton alleges that he was ostracized and "openly despised" by his co-workers because he was the only non-union member. (Doc. 18, Pl.'s SJ Br. at 1.) He also alleges that at the time of his termination his supervisor reminded Stanton that he was "not a member of the union." (Doc. 18, Pl.'s SJ Br. at 2.) According to Stanton, retaliation for non-union status violates 28 U.S.C. § 2302(b)(10) which prohibits "discrimint[ing] for or against any employee or applicant for employment on the basis of conduct which does not adversely affect the performance of the employee or applicant or the performance of others." 5 U.S.C. § 2302(b)(10)

SUMMARY MEMORANDUM OPINION; DO NOT PUBLISH

In response to this allegation, the OSC relied on several Merit Systems Protection Board cases and explained that the cited PPP, Section 2302(b)(10), has been interpreted to protect employees against reprisals for non-job related, off-duty conduct. (Doc. 18-4, Jan. 13, 2010 Pre-Determination letter at 1.) The OSC further explained that even if the cited PPP did apply to on-duty conduct, the OSC did not believe the reasons given for Stanton's termination were a pre-text for his non-union membership and, if they were pretextual Stanton could pursue his claims with the National Labor Relations Board. (Doc. 18-6, October 22, 2010 Pre-determination letter at 3; Doc. 18-5, March 9, 2010 Final Determination letter at 1.)

Stanton raises four challenges to the OSC's dismissal of this claim, as well as his other claims. First, he challenges the OSC's failure to assume the truth of the allegations raised in his complaint, but the law does not require the OSC to do so. *See* 5 U.S.C. § 1214.

Next he asserts the OSC failed to exercise its authority to undertake an investigation into his claims. This argument fails because there is nothing in the record which suggests that the OSC failed to investigate Stanton claims "to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice" occurred. 5 U.S.C. § 1214(a). In undertaking this obligation, "[i]t is for the OSC to determine, in the first instance, whether a prohibited personnel practice has occurred . . . ." *Cutts v. Fowler*, 692 F.2d 138, 140 (D.C. Cir. 1982) (citing *Wren v. Merit Systems Protection Board*, 681 F.2d 867 (D.C. Cir.1982)). Once such a determination is made, judicial review is "limited, at most, to insuring [there was] compliance with the statutory requirement that the OSC perform an adequate inquiry." *Carducci v. Regan,* 714 F.2d 171, 175 (D.C. Cir. 1983) (citation and internal quotation marks omitted).

SUMMARY MEMORANDUM OPINION; DO NOT PUBLISH

The legislative history of the OSC implementing statute suggests that such an inquiry involves a duty to "investigate or <u>to screen to some degree</u> employee complaints which allege prohibited personnel practices." *See Wren*, 681 F.2d at 876 n. 9 (citation to legislative history omitted) (emphasis added).  Stanton points to nothing which might indicate the OSC failed to meet this duty.

Stanton next challenges the OSC's responses because, in his opinion, they did not sufficiently state the legal reasoning or the factual details underlying its conclusions consistent with 5 U.S.C. Section 1214 (a)(2)(A). [3]  This argument fails because the OSC did provide the legal basis for its conclusion about his non-union retaliation claim.  Additionally, inasmuch as the OSC determined the facts <u>alleged by Stanton</u> did not support a violation of the PPP in question, there is no evidence the OSC "ascertained" any facts and, therefore, it is unclear how any duty to report "ascertained" facts could have been triggered.  *See* 5 U.S.C. § 1214 (a)(2)(A).

Finally, Stanton challenges the legal conclusions reached by the OSC in interpreting the applicable PPP.  Because judicial review is limited to determining whether the OSC met its duty to investigate the alleged PPP, the instant Court cannot undertake a substantive or merits based review of OSC conduct.  *See Borrel v. United States Int'l Communications Agency*, 682 F.2d 981, 988 (D.C. Cir. 1982); *Wren v. Merit Systems Protection Board*, 681 F.2d 867, 875 & n. 9 (D.C. Cir.1982); *Carson v. United Sates Office of Special Counsel,* No. Civ.A. 04-0315 PLF,

---

[3] "If the Special Counsel terminates any investigation under paragraph (1), the Special Counsel shall prepare . . . a written statement notifying the [complainant] of-- a summary of relevant facts ascertained by the Special Counsel, including the facts that support, and the facts that do not support, the allegations of such person; [and] the reasons for terminating the investigation."  5 U.S.C. § 1214 (a)(2)(A).

2006 WL 785292, * 5 (D.D.C. March 27, 2006).

Accordingly, Stanton has not established any "clear right to relief" or a "clear duty to act" by the Defendant beyond what has already occurred. *See Medicare Reimbursement Litigation*, 414 F.3d at 10. Additionally, inasmuch as Stanton had rights to pursue his non-union member related claims with the NLRB, he fails to meet the third element of the mandamus requirement: absence of another adequate remedy. *See id.* As such, no relief is available in this Court for Stanton's complaint about his alleged retaliatory discharge. [4]

---

[4] Stanton also cited to his non-union status in support of the merit systems principals violation claim he added to his original OSC complaint. (*See* Def.'s SOF # 4-5, 7-8, 12.) This claim, which the OSC considered when it re-opened his case, involves an alleged violation of 5 U.S.C. § 7102 which prohibits reprisals against employees for joining or refusing to join a labor union. According to Stanton, any such reprisals violate the following PPP found in 5 U.S.C. § 2302(b)(12) which prohibits federal officials from: " tak[ing] or fail[ing] to take any other personnel action if the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in section 2301 of this title." 5 U.S.C. § 2302 (b)(12). Section 2301 provides, *inter alia*, that: (1) employees should be treated equitably with regard to race, age, privacy and constitutional rights; (2) employees should be retained based on the adequacy of their performance and allowed an opportunity correct performance deficiencies; and (3) employees should be protected against arbitrary action or coercion for partisan political purposes. 5 U.S.C.A. §§ 2301 (b)(2), (6), (8).
   The OSC responded that Stanton had not provided any evidence that his termination was based on his failure to join the union; specifically, there was no evidence that the mention of Stanton's non-union status at the time of his termination was anything other than the supervisor's "mere reference concerning [Stanton's] legal rights." (Doc. 18-6, Oct 22, 2010 Preliminary Investigation letter at 3-4.) Finally, explained the OSC, Stanton failed to provide any evidence that his termination violated regulations relating to termination of probationary employees. (*See id*. at 4.)
   For the same reasons Stanton was not entitled to mandamus relief for his first claim related to his non-union claim, Stanton is likewise not entitled to mandamus relief with respect to this additional claim.

SUMMARY MEMORANDUM OPINION; DO NOT PUBLISH

    2.    <u>Age and Race Discrimination Claims</u>

Next, Stanton claims his termination violated the 5 U.S.C. § 2302(b)(1), which prohibits, *inter alia*, discrimination based on race and age. In its first pre-determination letter, the OSC cited its deferral policy as the basis for declining to pursue his claim:

> Since procedures for investigating discrimination complaints have already been established in the agencies and the Equal Employment Opportunity Commission, the Special Counsel will normally avoid duplicating those procedures and will defer to those procedures rather than initiating an independent investigation.

5 C.F.R. § 1801.1 (<u>cited in</u> Doc. 18-4, Jan. 13, 2010 Pre-determination letter at 2). According to Stanton, however, he reasonably relied on OSC authority to investigate discrimination complaints, so he held back on contacting "the EEOC as he awaited an OSC response to his report, and by the time OSC responded it was too late to elect an EEOC instead of an OSC remedy." (Doc. 18-1, Pl.'s SJ Br. at 4.)

In a subsequent letter, the OSC pointed out that the OSC complaint form and OSC website specifically warn those with discrimination allegations to contact the agency's EEO office immediately because the OSC complaint does not relieve aggrieved parties of the obligation to file an EEO complaint within the time-limits prescribed by the EEOC regulations. (Doc. 18-6, Oct. 22, 2010 Pre-determination letter at 2). Because Stanton had adequate notice of this policy prior to expiration of the EEOC filing deadline, the OSC explained, Stanton had provided no facts that might justify deviation from the EEO deferral policy. (*See* Doc. 18-5, March 9, 2010 Final Determination letter; Doc. 23-1, Feb 2, 2011, Final Determination ltr at 1.) [5]

---

[5] Although the record does not appear to contain a copy of the OSC form, the <u>current</u> form found on the OSC website contains the following warning:

SUMMARY MEMORANDUM OPINION; DO NOT PUBLISH

Given this undisputed evidence, Stanton has not established any right to mandamus relief. He has not directed the Court to any authority which prevents the OSC from exercising its discretion to defer some of its investigative functions to another agency, particularly where such a deferral is accompanied by a clear warning to employees explaining why and how they need to preserve their rights. In the absence of a "clear right to relief" and with no "clear duty to act" on the part of the OSC, Stanton does not meet he requirements for a mandamus order.

3.  <u>Willful obstruction of right to compete for employment</u>

Stanton alleges that his termination violated 5 U.S.C. § 2302(b)(4) which restricts agency

---

Before filling out this Office of Special Counsel (OSC) form, please read the following information about: (1) the required complaint format; (2) the scope of OSC's jurisdiction; and (3) certain OSC policies. . . . .

<u>Deferral of Certain Complaints Involving Discrimination</u>. Although OSC is authorized to investigate discrimination based upon race, color, religion, sex, national origin, age, or handicapping condition, as well as reprisal for filing an EEO complaint, OSC generally defers such allegations to agency procedures established under regulations issued by the Equal Employment Opportunity Commission (EEOC). 5 C.F.R. § 1810.1. If you wish to report allegations of discrimination based upon race, color, religion, sex, national origin, age, or handicapping condition, or reprisal for filing an EEO complaint, you should contact your agency's EEO office immediately. <u>There are specific time limits for filing such complaints. Filing a complaint with OSC will not relieve you of the obligation to file a complaint with the agency's EEO office within the time prescribed by EEOC regulations (at 29 C.F.R. Part 1614)</u>.

Note:  This deferral policy does not apply to discrimination claims outside the jurisdiction of the EEOC, such as complaints alleging discrimination based upon marital status or political affiliation.

United States Office of Special Counsel Complaint Form (OSC-11): http://www.osc.gov/documents/forms/osc11.pdf (emphasis added).

SUMMARY MEMORANDUM OPINION; DO NOT PUBLISH

employees from "deceiv[ing] or willfully obstruct[ing] any person with respect to such person's right to compete for employment." The OSC determined that this provision did not apply to Stanton because he was not applying or competing for another position. (Doc. 18-4, October 22, 2010, Pre-determination ltr. at 2.) Additionally, the OSC pointed out that managers have "maximum discretion to retain or remove" probationary employees and the manager's cited reason for Stanton's termination did not violate any civil service regulations. *See* 5 C.F. R. §§ 315.803, 804 (cited in Doc. 18-4, Jan. 13, 2010 Pre-determination ltr. at 2.)

As with his non-union status retaliation claim, here Stanton challenges the OSC's legal conclusions. As discussed above, the instant Court does not have authority to review those legal conclusions; thus he is not entitled to mandamus relief.

4. Consideration of statements not based on personal knowledge

Finally, in his second OSC complaint (MA-11-2271), Stanton claimed that his termination violated 5 U.S.C. § 2302(b)(2), which prohibits agency officials from "solicit[ing] or consider[ing] any recommendation or statement, oral or written, with respect to any individual who requests or is under consideration for any personnel action unless such recommendation or statement is based on the personal knowledge or records of the person furnishing it . . . ." According to Stanton, his supervisor admitted violating this provision during a workers compensation hearing at which he testified that he relied on factors other than personal knowledge in making the termination decision. (*See* Docs. 25 - 28, Stanton Affidavits; Doc. 28-1, July 15, 2011 Pre Determination letter at 1; Doc. 25-2, Hearing Transcript at 21-23.)

SUMMARY MEMORANDUM OPINION; DO NOT PUBLISH

In response, the OSC explained that the Federal Circuit has interpreted the cited PPP, Section 2302(b)(2), as prohibiting political or partisan influence from outsiders, like Members of Congress, in the context of personnel decisions. (Doc. 28-1, July 15, 2011 Pre Determination letter at 2.) Moreover, according to the OSC, in the absence of outside political or partisan influence, precedent has established that a deciding official who relies on hearsay statements does not violate the cited provision when taking personnel actions. *See Fike v. I.R.S.*, 10 M.S.P.R. 113, 117 (1982) (cited in Doc. 28-1, July 15, 2011 Pre Determination letter at 2).

As an initial matter, this issue is not technically before the instant Court because it was not raised in Stanton's complaint. Rather, Stanton included this claim in his currently pending Motion to Amend his complaint. (Doc. 19.) Inasmuch as Stanton is not entitled to mandaums relief simply because he disagrees with the OSC's cited legal authority, his motion to amend will be denied.

### IV. CONCLUSION

For the reasons set forth above, even viewing the facts in the light most favorable to Stanton, he is not entitled to mandamus relief. Accordingly, by separate order, Defendant's motion will be granted, Stanton's motions will denied and this action will be dismissed, with prejudice

SO ORDERED.
February 6, 2012

                                                            _____
                                                            Robert L. Wilkins
                                                            United States District Judge